DENNIS, Judge.
The automobile accident out of which this suit arose occurred the afternoon of November 11, 1972, on Market Street near its intersection with Vine Street in Shreveport, Louisiana. Dixie Henderson was driving a 1971 Ford automobile owned by her father, W. Carter Henderson, and insured against collision by Aetna Casualty and Surety Company. Robert J. Easley was driving the other vehicle involved, a 1960 Ford. Aetna as subrogee brought the present suit to recover $295.61 paid to Henderson pursuant to the collision policy. Henderson also sought to recover his $100 deductible. The lower court rendered judgment in favor of plaintiffs in the amount prayed for, and defendant appealed.
The segment of Market Street in question is four-laned. 'Miss Henderson was proceeding south, and Easley was headed north. Easley stopped in his inside lane to make a left turn into a driveway near the Vine Street intersection. Miss Henderson approached him in her inside traffic lane.
The pivotal issue in the case is whether the cars collided in the northbound or southbound inside traffic lane. Dixie Henderson maintained she saw the Easley car stopped as she was heading south in her inside lane, and just as she reached him he began to turn. She stated that she swerved to her right in an effort to miss him, but the left rear fender of her car was struck by the Easley vehicle. Her testimony clearly places the point of impact in the inside southbound lane. Easley testified that he was stopped in his own inside lane waiting to turn when he noticed the Henderson vehicle coming toward him some one and one-half feet over the center line. He stated Miss Henderson made an attempt to get back into her proper lane, but her vehicle still struck his left front fender. His testimony clearly places the point of impact in the inside northbound lane.
The investigating police officer, William P. Lambright, stated that he was unable to determine the point of impact with any degree of certainty. However, he testified *927 that Easley admitted to him during his investigation that the accident occurred when he attempted a left turn and hit the Henderson vehicle. Easley denied having made such a statement. The only other disinterested witness, Charles Prestridge, stated that he was standing on the side'walk nearby and witnessed the accident, but couldn’t be sure in which lane the impact occurred. He did state, however, that the Easley vehicle had actually begun to execute the left hand turn and was moving when the impact occurred.
The trial judge, in his oral reasons for judgment, found that the preponderance of the evidence supported the plaintiffs’ version of the accident. We find no error i'n his conclusion.
Accordingly, the judgment of the trial court is affirmed, and costs of this appeal are to be paid by appellant.